Vance and Wallace, Adm'rs, vs. The State, use Crittenden County.

---

VANCE AND WALLACE, Adm'rs, vs. THE STATE, USE CRITTENDEN COUNTY.

1. STATE SCRIP: *Receivable for court-house tax.*

State scrip issued before the passage of the act of March 28, 1871, authorizing the county board of supervisors to issue bonds for the building of court-houses, was receivable for the taxes levied to pay said bonds; and the board of supervisors could sell or exchange the scrip at its real value, for such bonds; and the county treasurer making such exchange by its direction, should be credited in his settlement with the scrip exchanged.

Vance and Wallace, Adm'rs, vs. The State, use Crittenden County.

2. COUNTY TREASURER:  *Settlements with:  Exhibiting county funds.*
   It is only at a settlement that the treasurer may be required to produce the money which is found should be in his hands, for counting.

3. SAME:  *Can pay over only to successor.*
   A county treasurer, or his administrator, can pay over the county funds in his hands, only to his successor in office.

4. ADMINISTRATOR:  *No personal judgment against.*
   In a suit against an administrator and others, it is error to render a personal judgment against him.

APPEAL from *Crittenden* Circuit Court.
Hon. L. L. MACK, Circuit Judge.
*Adams*, for appellant.

HARRISON, J.  This was a suit on the bond of Robert C. Wallace as treasurer of Crittenden county, against his administrators, William Vance, jr., and Eliza Wallace, and J. W. Guerrant, John R. Jenkins and R. N. Wallace, the sureties in the bond.

The bond was given on the fourth day of June, 1873, and was in the penal sum of $10,000.    The breach of the condition assigned, was, that the said Robert C. Wallace, upon a settlement by him as such treasurer with the county court, on the twenty-second day of February, 1875, was found to have received, and which was unexpended, the sum of $1,499.94 in money or currency of the United States, and the further sum of $1,995 in money or like currency of the court-house and jail fund; and that although demand was made upon him for said moneys, he, in his lifetime, failed to bring the same into the county court, nor did he disburse the same for the county, nor had his administrators, since his death, paid or brought the said moneys into the county court, or accounted for the same.

The defendants, in their answer, denied that the said

12

sum of $1,995, belonging to the court-house and jail fund, was received by said Wallace in money, but averred that it was paid to him by the collector in treasurer's certificates, or state scrip, and that the board of supervisors, on the sixteenth day of October, 1874, made an order, that the state scrip belonging to the court-house and jail fund, in the county treasury, should be exchanged by the treasurer for court-house and jail bonds, or the coupons of such bonds, at the rate of four dollars in scrip for one of bonds or coupons; that he, in obedience to the order, exchanged the scrip for $500 in past-due coupons; and that at the time of his settlement, he brought said coupons into and tendered them to the county court in lieu of the state scrip, to be canceled; and they made, in their answer, a tender of the coupons to the plaintiff.

It was not denied that upon the settlement, Wallace was found to have received—and which he had not disbursed or paid out for the county—the $1,499.94 in currency; but without averring that he had afterwards dis bursed or paid out any part of it, they denied, in general terms, that he owed, or that they owed the same, or any part of it to the county.

The cause was tried by the court, without a jury, which found that there was in the hands of Wallace, as treasurer, at the time of the settlement, $1,499.94 in currency, and $1,995, but in what kind of funds was not stated, belonging to the court-house and jail fund; and rendered judgment for the plaintiff for the aggregate sum of $3,494.94 against all the defendants in personam.

The defendants moved for a new trial, upon the ground that the finding of the court was contrary to the evidence; their motion was overruled, and they appealed.

It appears that the county court of Crittenden county,

Vance and Wallace, Adm'rs, vs. The State, use Crittenden County.

under the authority given by the act of March 28, 1871, issued bonds of the county to build a court-house and jail, and that $1,995 of the tax which it levied to pay the bonds, one-fifth of them maturing every year, was received by the collector and paid over by him to the treasurer, in treasurer's certificates, or state scrip, and not, as alleged in the complaint, in money.

That such certificates, if issued prior to the passage of the act referred to, were receivable for the tax, admits of no question. *Gantt's Digest, sec. 2813 ; English v. Oliver, 28 Ark., 317 ; Parham v. Izard, 30 Ark., 557.*

1. STATE SCRIP: Issued before March 28, 1871, receivable for courthouse tax.

Those so received and paid over by the collector, the evidence showed, were issued prior to the act. When the treasurer was directed to make the exchange for bonds and coupons, state scrip was greatly below par, and that received for the tax could not be applied to the purpose for which the tax was levied, except by a sale of it, or an exchange for bonds or coupons, as was done. It, therefore, appears to us that the board of supervisors, as the county court was then called, had the power to direct the treasurer to make the exchange he did ; and the county court should have canceled the coupons and given him a discharge for the scrip exchanged for them.

The demand upon Wallace to bring the money into the county court was not alleged to have been made at the time of his settlement, or for the purpose of its being counted. It is only at a settlement that the treasurer may be required to produce the money, which by such settlement is found should be in his hands, for counting. *Gantt's Digest, secs. 1035, 1495.*

2. COUNTY TREASURER Settlements with Producing funds for counting.

It was not averred, nor was there any such proof, that Wallace had ceased, before his death, to be treasurer, and had failed to pay over the $1,499.94 to his successor in

office; or that he had a successor, to whom his administrators might have paid it.

**3. ——:**
**Can pay only to successor.** It could have been paid over either by himself or his administrator, only to his successor in office. *Aldermen, etc., v. Biscoe, 17 Ark., 417.*

There was, then, no sufficient breach as to this money, alleged.

A new trial should have been granted.

**4. ADMINIS-TRATOR: No personal judgment against.** If the finding of the court had been right, the judgment was wrong. It should not have been against Wallace's administrators personally, but against them in their representative character, or as administrators.

The judgment of the court below is reversed, and the cause remanded, with directions to allow the plaintiff to amend her complaint, if so advised, and for further proceedings.